NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAVADA, INC., <br><br>              Plaintiff, <br>    v. <br>OLD REPUBLIC GENERAL INSURANCE CORP. <br><br>              Defendant. | Civil Action No.: 24-10943 <br><br> **OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is defendant Old Republic General Insurance Corp.'s ("Defendant") motion to dismiss (ECF No. 11; *see also* ECF No. 13, "Br.") plaintiff Lavada, Inc.'s ("Plaintiff") Complaint (ECF No. 1-1, "Compl.") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed an opposition (ECF No. 18, "Opp.") and Defendant Replied (ECF No. 21, "Reply"). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion to dismiss is granted.

**I.    BACKGROUND**[1]

Defendant is an Illinois corporation with its principal place of business in Illinois. ECF 1 ¶ 11. In 2022, Defendant issued a liability insurance policy ("Policy")[2] to the Passaic Valley Sewerage Commission in connection with a construction project. Compl. ¶¶ 5–6. Plaintiff, a New

---

[1] The following facts are accepted as true for the purposes of the motion to dismiss.
[2] On a motion to dismiss, a court may "consider documents integral to or explicitly relied upon in the complaint or any undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Motor v. Wesco Distribut., Inc.*, 102 F.4th 172, 178 (3d Cir. 2024) (cleaned up). Plaintiff relies upon two documents in its Complaint that Defendant has also submitted as exhibits with its motion to dismiss: (1) the Policy (ECF No. 12-1) and (2) the Statement of Claims in the underlying arbitration (ECF No. 12-3). *See* Compl. ¶¶ 5, 8–9. Neither party disputes the authenticity of these documents. Accordingly, the Court will consider these documents in deciding this motion.

York corporation with its principal place of business in New York, was a duly registered subcontractor on the project to which the Policy applied. *Id.* ¶¶ 3, 5. In the course of its work on this project, a dispute arose between Lavada and a third party relating to the performance of a material supply contract. *Id.* ¶¶ 6–7.

As a result of this dispute, the third party filed a demand for arbitration against Lavada in 2024. *Id.* ¶ 8. The third party asserted claims for breach of contract, tortious interference with contract, tortious interference with prospective business advantage, and copyright infringement on the third party's "shop drawings and submittals." *Id.*; *see also* ECF No. 12-3 ("Statement of Claims") ¶ 2. As relevant to this motion, the Statement of Claims alleges that Plaintiff misappropriated the third party's copyrighted shop drawings in an effort to secure a contract with another party. Statement of Claims ¶ 30.

Plaintiff tendered the defense of the arbitration to Defendant, believing that it was entitled to defense under the "advertising injury" provision of the Policy. Compl. ¶ 9. Defendant refused to assume Plaintiff's defense. *Id.* As a result, Plaintiff brought this action in New Jersey Superior Court, seeking (1) a declaratory judgment that it is entitled to defense under the Policy, (2) breach of contract damages for all costs of defense incurred since the date of Plaintiff's initial tender to Defendant, and (3) statutory attorneys' fees. *Id.* ¶¶ 11–16. Defendant timely removed the case to this Court based upon diversity jurisdiction. ECF No. 1. It now moves to dismiss the Complaint for failure to state a claim. ECF No. 11.

## II.    LEGAL STANDARD

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A claim is facially plausible when supported

by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that contains "a formulaic recitation of the elements of a cause of action" supported by mere conclusory statements or offers "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (citation omitted). In evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all reasonable inferences in favor of the non-moving party, and disregards legal conclusions. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008).

### III.  DISCUSSION

Under New Jersey law, the interpretation of an insurance policy is a question of law. *Selective Ins. Co. of Am. v. Hudson E. Pain Mgmt. Osteopathic Med.*, 46 A.3d 1272, 1276 (N.J. 2012) (citations omitted). The Court should give the insurance policy its plain, ordinary meaning and "should not attempt to rewrite the insurance policy." *Navigators Specialty Ins. v. Pharmanet Development Grp., Inc.*, No. 15-6285, 2016 WL 1228848, at *3 (D.N.J. Mar. 29, 2016) (citing *Zacarias v. Allstate Ins. Co.*, 775 A.2d 1262, 1264 (N.J. 2001)). Where the language of the insurance policy is clear and unambiguous, the Court must enforce the policy as written. *Body Physics v. Nationwide Ins.*, 524 F. Supp. 3d 372, 378 (D.N.J. 2021) (citing *Rosario ex rel. Rosario v. Haywood*, 799 A.2d 32, 38 (N.J. Super. Ct. App. Div. 2002)).

The duty to defend arises "when the complaint states a claim constituting a risk insured against." *Voorhees v. Preferred Mut. Ins. Co.*, 607 A.2d 1255, 1259 (N.J. 1992) (citation omitted). "Whether an insurer has a duty to defend is determined by comparing the allegations in the complaint with the language of the policy." *Id.* When the allegations fall within the scope of the coverage of the policy, the duty to defend arises regardless of the claim's actual merit. *Id.* (citation omitted). Where a Court determines that an insurer has no duty to defend, it necessarily must also

conclude that the insurer has no duty to indemnify the insured. *Columbus Farmers Market, LLC v. Farm Family Cas. Ins. Co.*, No. 05-2087, 2006 WL 3761987, at *15 (D.N.J. Dec. 21, 2006) (citing *Hartford Ins. Grp. v. Mason Const. Corp.*, 452 A.2d 473, 476 (N.J. Super. Ct. App. Div. 1982)).

Plaintiff asserts that it is entitled to defense under the "advertising injury" provision of the Policy. Compl. ¶ 9. In its opposition brief, Plaintiff contends that the allegations in the underlying arbitration reflect "personal and advertising injury" resulting from "infringement upon another's copyright, trade dress or slogan in your 'advertisement.'" Opp. at 1 (citing Policy § V.14.g). The Policy defines "advertisement" as "a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters." *Id.* (citing Policy § V.1). Defendant argues that no allegations in the underlying arbitration arise out of an "advertisement," and therefore, Plaintiff is not entitled to coverage under the Policy. Br. at 12–14; Reply at 4–8.

The relevant claims against Lavada in the underlying arbitration pertain to its use of allegedly copyrighted shop drawings in obtaining a contract with a third party. *See* Statement of Claims ¶¶ 7, 19, 27–36. The underlying allegations, however, lack any suggestion that the copyrighted material was used by Lavada in "a notice that [was] broadcast or published to the general public or specific market segments about [its] goods, products or services for the purpose of attracting customers or supporters." *See State Farm Fire and Cas. Co. v. Hines*, No. 19-18461, 2021 WL 3668206, at *5–6 (D.N.J. June 30, 2021), *aff'd*, No. 21-2354, 2022 WL 7973331 (3d Cir. Oct. 14, 2022) (dismissing an insured's claim for coverage under an identical definition of "advertisement" because there was "no allegation" that the infringement occurred in a published or broadcasted notice). Rather, it appears that the copyrighted material was shared with two

parties—a general contractor and another third party—so that Lavada could obtain a contract with that third party. *See* Statement of Claims ¶ 30. Plaintiff asserts that this meets the policy definition above but cites no authority to show how these allegations fit that description. *See* Opp. at 3–4. Accordingly, Defendant has no duty to defend or indemnify Plaintiff under the "personal and advertising injury" provision of the Policy.[3]

## IV. CONCLUSION

Accordingly, for the reasons stated above, **IT IS** on this 17th day of September, 2025;

**ORDERED** that Defendant's motion to dismiss (ECF No. 11) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1-1) is **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from entry of this Opinion and Order to submit an amended complaint that addresses the deficiencies identified in this Opinion and Order. Insofar as Plaintiff submits a further amended complaint, it shall also provide a form of the amended complaint that indicates in what respect it differs from the current complaint, by bracketing or striking through materials to be deleted and underlining materials to be added. *See* L. Civ. R. 15(a)(2); and it is further

**ORDERED** that the Clerk of the Court is directed to mark this case as **CLOSED**.

**SO ORDERED.**

*s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**

---

[3] As the Court concludes that Plaintiff is not entitled to coverage under the sole Policy provision it invoked, the Court does not reach the parties' arguments concerning the application of any Policy exclusion. *See* Br. at 18–19; Opp. at 4–5; Reply at 9–12.